UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY,<br><br>Plaintiff(s),<br><br>v.<br><br>FIDELITY NATIONAL TITLE GROUP, INC., et al.,<br><br>Defendant(s). | Case No. 2:21-CV-297 JCM (EJY)<br><br>ORDER |

Presently before the court are plaintiff Deutsche Bank National Trust Company's ("Deutsche Bank") motion to remand (ECF No. 14) and motion for attorney's fees and costs (ECF No. 15). Removing defendant Fidelity National Title Insurance Company ("FNTIC") responded in opposition (ECF No. 26) to which Deutsche Bank replied (ECF No. 28). FNTIC also requests that the court take judicial notice of certain records from Nevada's Division of Insurance.[1] (ECF No. 27).

I. **BACKGROUND**

This is a breach of contract and insurance bad faith case arising from a denial of Deutsche Bank's title insurance claim. (ECF No. 14 at 2). Deutsche Bank is the beneficiary of a deed of trust encumbering real property in a Nevada HOA. (*Id.* at 3). It alleges that "[a]s part of the loan origination," Lawyers Title of Nevada, Inc. ("Lawyers Title") and FNTIC "entered into a contractual relationship with Deutsche Bank's predecessor to insure the Deed of Trust in superior position to competing liens, including the HOA's lien." (*Id.*;

---

[1] FNTIC's request is GRANTED. The court takes judicial notice of the offered records as matters of public record.

*see also* Compl., ECF No. 1-1 ¶ 72). The HOA eventually foreclosed on its lien in August 2013 and Deutsche Bank was left to defend against quiet title claims. (ECF No. 14 at 4).

FNTIC removed this case on the very same day it was filed and before any defendant was served. (*Id.*; *see also* Pet. of Removal, ECF No. 1 at 3). Deutsche Bank now moves for remand, arguing that FNTIC's so-called "snap removal" is procedurally improper. (ECF No. 14). It also asks for attorney's fees and costs incurred in moving to remand. (ECF No. 15).

## II. LEGAL STANDARD

A defendant can remove any civil action over which the district court has original jurisdiction. 28 U.S.C. § 1441(a). Yet federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). That is why there is a strong presumption against removal jurisdiction. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). The "burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999).

A plaintiff can challenge removal with a motion to remand. 28 U.S.C. § 1447(c). To avoid remand, the removing defendant must show by a preponderance of the evidence that there is complete diversity and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The court will resolve all ambiguities in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *Hunter*, 582 F.3d at 1042.

But even if the diversity jurisdiction requirements are met, a diversity case nonetheless cannot be removed if "**any** of the parties in interest properly joined and served as defendants is a citizen of the [s]tate in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). This is the forum defendant rule, a waivable procedural rule yet still one of the "more substantive removal defects." *Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 936 (9th Cir. 2006).

. . .

. . .

## III. DISCUSSION

The court will first address FNTIC's contention that Lawyers Title is a fraudulently joined defendant because it did not underwrite the title insurance policy or handle the claim and then address the propriety of its snap removal.

### A. Lawyers Title is not a Fraudulently Joined Defendant

The court ignores fraudulently joined defendants when determining whether the forum defendant rule applies. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). A joinder is fraudulent if "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id.* (quoting *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). There need only be a *possibility* that a Nevada state court could find that the complaint states a claim against the allegedly sham defendant. *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 549 (9th Cir. 2018) ("A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined."). Nevada is a notice pleading jurisdiction that liberally construes pleadings. *Hay v. Hay*, 678 P.2d 672, 674 (Nev. 1984). There is a presumption against fraudulent joinder, *Hunter*, 582 F.3d at 1042, and it must be proven by clear and convincing evidence. *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). In assessing fraudulent joinder, "the court need not look extensively at the merits of the claims." *Milligan v. Wal-Mart Stores, Inc.*, No. 2:14-cv-1739 JCM-CWH, 2014 WL 7240162, at *3 (D. Nev. Dec. 18, 2014).

Both Deutsche Bank and FNTIC agree that Lawyers Title is a citizen of Nevada. (ECF No. 14 at 5; ECF No. 1-1 ¶ 4). But FNTIC argues that Lawyers Title is fraudulently joined. (ECF No. 26 at 16–18). Deutsche Bank's claims arise out of a 2006 real estate transaction and title insurance policy yet "Lawyers Title has never been an underwriter of title insurance policies, and did not underwrite the specific policy identified in Deutsche Bank's complaint." (ECF No. 1 at 3). "[S]imply because Lawyers Title issued the Policy does not mean that it was a party to the Policy, and it certainly does not mean that Lawyers Title breached the Policy. Importantly, Deutsche Bank contends that Lawyers Title should be

1  liable on the Policy because it obtained a 'sum' in consideration for underwriting it. But Lawyers Title did not underwrite the Policy." (ECF No. 26 at 17).

In response, Deutsche Bank points out that FNTIC ignores the policy's cover letter which lists Lawyers Title as the issuer, a HUD-1 settlement statement which confirms that Lawyers Title accepted funds to issue the policy, and a preliminary title report suggesting that Lawyers Title is the issuer. (ECF No. 14 at 12). Deutsche Bank says it can hold Lawyers Title liable on agency, alter ego, or joint venture grounds. (*Id.* at 12–15; *see also* ECF No. 28 at 10–11). It also asserts deceptive trade practices claims against Lawyers Title. (ECF No. 1-1 ¶¶ 176–191; *see also* ECF No. 14 at 15).

The court cannot find that Lawyers Title is fraudulently joined just because it is not the policy underwriter and the gravamen of this case is breach of contract and insurance bad faith. *Cf. Deutsche Bank Nat'l Tr. Co. v. Old Republic Title Ins. Grp., Inc.*, No. 3:20-cv-00535-MMD-CLB, 2021 WL 1254352, at *2 (D. Nev. Apr. 2, 2021) ("Determining that no possible claim . . . could exist because title agents cannot be liable for the claims Plaintiff alleges is premature . . . particularly when the extent of Founders' involvement in the execution of the Policy remains uncertain."); *Wells Fargo Bank, N.A. v. Old Republic Title Ins. Grp., Inc.*, No. 2:20-cv-1461-JCM-NJK, 2020 WL 5898779, at *3 (D. Nev. Oct. 5, 2020) ("[T]he complaint alleges, and the record supports, the notion that Old Republic of Nevada acted as far more than an agent in this case—it issued and executed the subject policy." (internal quotation marks and citation omitted)).

And the viability of Deutsche Bank's claims and theories of liability against local title agents like Lawyers Title is currently unclear. *See HSBC Bank USA, Nat'l Ass'n v. Fid. Nat'l Title Grp., Inc.*, No. 2:20-cv-01515-JAD-BNW, 2020 WL 7625233, at *2 (D. Nev. Dec. 22, 2020) (noting the many Nevada title insurance cases on appeal and holding that claims against Fidelity Nevada were not yet "certain losers"); *Wells Fargo*, 2020 WL 5898779, at *3 (discussing claims against a local title agent); *Carrington Mortg. Servs., LLC v. Ticor Title of Nevada, Inc.*, No. 2:20-cv-699-JCM-NJK, 2020 WL 3892786, at *5 (D. Nev. July 10, 2020) (same). FNTIC's contention that Deutsche Bank's deceptive trade practices

James C. Mahan
U.S. District Judge

- 4 -

claims are time-barred has fallen on deaf ears. *HSBC Bank*, 2020 WL 7625233, at *3. And besides, it is genuinely disputed when the statute of limitations began to run, (*see* ECF No. 28 at 12), an issue that should not be decided on a remand motion. *Accord Deutsche Bank*, 2021 WL 1254352, at *3.

All in all, while Deutsche Bank may not ultimately recover from Lawyers Title, there is a *possibility* that a Nevada state court could find that the complaint states a cause of action against Lawyers Title. Thus, FNTIC has not met its heavy burden to show by clear and convincing evidence that Lawyers Title is fraudulently joined.

**B**. **FNTIC's Snap Removal was Improper**

Because Lawyers Title is a properly joined forum defendant, the forum defendant rule applies. The court must now consider whether FNTIC's snap removal can sidestep the forum defendant rule. Snap removal is the tactic of removing a diversity case before a forum defendant like Lawyers Title has been served. FNTIC argues that the Second, Third, Fifth, and Sixth circuits endorse the tactic and the court should not create a circuit split.[2] (ECF No. 26 at 8). Yet the parties agree that the Ninth Circuit has yet to squarely address the propriety of snap removal. And Deutsche Bank persuasively distinguishes or confines FNTIC's caselaw. (ECF No. 28 at 7–10).

In any event, this is not the court's first say on snap removal. The court adopts its prior reasoning from *Wells Fargo* and *Carrington*.[3] *Wells Fargo*, 2020 WL 5898779; *Carrington,* 2020 WL 3892786. In short, the word "any" in "any parties in interest properly joined and served" necessarily means "that the [removal] statute assumes **at least one party has been served**." *Carrington*, 2020 WL 3892786, at *3 (emphasis added) (citing *Gentile v. Biogen Idec, Inc.*, 934 F. Supp. 2d 313, 316 (D. Mass. 2013) (Woodlock, J.)).

---

[2] These cases are *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 701 (2d Cir. 2019); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147 (3d Cir. 2018); *Texas Brine Co., L.L.C. v. Am. Arb. Ass'n, Inc.*, 955 F.3d 482 (5th Cir. 2020); and *McCall v. Scott*, 239 F.3d 808 (6th Cir. 2001). (ECF No. 26 at 8).

[3] The court's reasoning has been endorsed by Judges Dorsey, Gordon, and Chief Judge Du. *HSBC Bank,* 2020 WL 7625233 (Dorsey, J.); *Wells Fargo,* 2020 WL 7388621 (Gordon, J.); *Deutsche Bank*, 2021 WL 1254352 (Du, C.J.).

And snap removal contravenes the removal statute's purpose of preserving a plaintiff's choice of a state court forum when suing a forum defendant. *Accord Wells Fargo*, 2020 WL 7388621, at *4; *Deutsche Bank*, 2021 WL 1254352, at *7 ("[A] literal reading of §1441(b)(2) that permits snap removal would be absurd . . . permitting snap removal runs counter to the expressly limited nature of diversity jurisdiction, courts' presumption against removal, public policy considerations surrounding plaintiff's choice of forum, and Congress' rejection of gamesmanship when originally enacting § 1441(b)(2)."). Because no defendant was served when FNTIC removed this case, Deutsche Bank's motion to remand (ECF No. 14) is GRANTED.

**C. Deutsche Bank is not Entitled to Attorney's Fees and Costs**

Absent a statute or enforceable contract, a court generally may not depart from the "American Rule" that each party pays its own attorney's fees and costs. *Alyeska Pipeline Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975); *MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1280–81 (9th Cir. 1999). The decision to award attorney's fees is left to the sound discretion of the court. *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 139 (2005).

One such statute is 28 U.S.C. § 1447(c). "[A]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only [when] the removing party lacked an objectively reasonable basis for seeking removal." *Martin,* 546 U.S. at 136; *see also Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006). The court assesses the clarity of the relevant law to determine whether there was an objectively reasonable basis for seeking removal. *See Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066 (9th Cir. 2008).

Deutsche Bank says that FNTIC has engaged in the jurisdictional gamesmanship at issue in "every single HOA related title insurance case filed in the last six months." (ECF No. 14 at 6). It has done so despite the growing consensus among this district's judges that snap removal contravenes the language and purpose of the removal statute. *See supra* n.3. Nonetheless, because the Ninth Circuit has yet to rule on snap removal and there is authority supporting the tactic, FNTIC had an objectively reasonable basis for removal. It can still roll the removal dice and perhaps draw a judge that would not rebuff its snap removal. Thus,

Deutsche Bank's motion for attorney's fees and costs incurred in moving to remand (ECF No. 15) is DENIED.

## IV. CONCLUSION

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Deutsche Bank's motion to remand (ECF No. 14) be, and the same hereby is, GRANTED and its motion for attorney's fees and costs (ECF No. 15) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that all pending motions (ECF Nos. 9, 10, 11) be, and the same hereby are, DENIED without prejudice to the parties' ability to refile them in state court.

IT IS FURTHER ORDERED that the clerk shall REMAND this case back to the Eighth Judicial District Court for Clark County, Nevada, Case No. A-21-829841-C, and CLOSE this case.

DATED May 10, 2021

_____
UNITED STATES DISTRICT JUDGE